Gillen, J.
This is an action brought to recover fifty dollars for garage storage of an automobile at the rate of ten dollars per month.
The answer is one of general denial and the further allegation that the premises are housing accommodations in the Eastern Massachusetts Defense Area, for which the rent was fifty-five (55) dollars per month and a further allegation that the plaintiff violated the provisions of the Emergency Price Control Act of 1942 by charging sixty-five (65) dollars for said premises.
The plaintiff claims he rented a suite for fifty-five (55) dollars per month to the defendant and a garage at the rate of ten (10) dollars per month. What he seeks here is the garage rent for five months.
At the close of the evidence the defendant filed the following requests for rulings of law and the action of the trial judge is set forth thereon.
*222 “1. The evidence in this case is sufficient as a matter of law to warrant or support a finding for the defendant. Allowed.* 2. That the suite of four rooms and reception hall occupied by the defendant at 15A Bowdoin Avénue, Dorchester, Massachusetts, is a housing accommodation and is subject to Section 205 of the Emergency Price Control Act of 1942 as amended (50 U. S. C. A. App. 925d). Allowed. 3. That the maximum legal rent for the apartment dwelling occupied by the defendant is Fifty-five ($55.00) Dollars a month. Allowed. 4. That the garage on the land adjoining the building, which the defendant was permitted to use, is an appurtenance to said premises. Denied. 5. That the housing accommodations occupied by the defendant include all privileges connected with the use or occupancy of such premises. Allowed. 6. That the garage on the land adjoining the premises occupied by the defendant is a service within the meaning of the Emergency Price Control Act. Denied. 7. Regardless of any contract agreement or any other obligation heretofore entered into by the parties, it is illegal and contrary to the provisions of Section 205 of the Emergency Price Control Act of 1942 as amended (50 U. S. C. A. App. 925d) for' the plaintiff to demand or receive any rent for or in connection with the use or occupancy of the dwelling, including the garage, in a sum in excess of the maximum legal rent as established by and filed in the Office of Price Administration. Denied. 8. That the payment by the defendant to Morris Landfield of Fifty-five ($55.00) Dollars each month constitutes full payment of the premises .at 15A Bowdoin Avenue, Dorchester, Massachusetts, together with the garage, as an appurtenance thereto. Denied. 9. That the premises occupied by the defendant was hired by him from Morris Landfield who held himself out as the landlord and owner of the premises, and who registered the price of the premises with the Office of Price Administration. Therefore, there is no privity of contract between the plaintiff and the defendant and the finding should therefore be for the defendant. Denied. ’ ’
*223 The defendant claims to be aggrieved by the denial of the defendant’s 4th, 6th, 7th, 8th and 9th requests for rulings of law.
The Emergency Price Control Act of 1942 stat. 23 creates an Office of Price Administration to be under the direction of a Price Administrator. The Administrator may by regulation fix the maximum rent in a given defense area and the form and manner of the establishment of the regulation lie in the judgment of the Administrator.
Section 2(b) of the act deals with the stabilization or reduction of rents for any defense-area housing accommodations within a particular defense area.
Section 302(f) of the act reads: “The term housing accommodations means any building, structure, or part thereof, or land appurtenant thereto, or any other real or personal property rented or offered'for rent for living or dwelling purposes (including houses, apartments, hotels, rooming or boarding house accommodations and other properties used for living or dwelling purposes) together with all privileges, services, furnishings, furniture and facilities connected with the use or occupancy of such property. ’ ’
The trial judge found that the use of the garage was not a service, privilege or facility connected with the use or occupancy of the suite of four rooms; that the garage and apartment are separable.
The main question here is, did the evidence support the findings of facts made by the trial judge? Winslow Bros. & Smith Co. v. Hillsborough Mills, 1946 A. S. 167.
There was evidence that the apartment house contained twenty-two suites while there were only 13 stalls in the garage unit which was situated about fifty-five feet from the apartment house. Each stall could garage one automobile ; the garage unit was not built until two years after the apartment house; only two or three tenants in the apart *224 ment house had garage units; the remaining units were hired by people other than tenants of the plaintiff; the tenant who had the suite prior to the defendant while he used garage space, had a unit other than the one occupied by the defendant; the original registration of the suite in question filed with the Office of Price Administration indicated garage service was not furnished with said suite; there was no physical connection between the apartment house and the garage unit; the plaintiff kept the rent accounts of the apartment house and the garage unit in separate books; that when the defendant rented the apartment he agreed to pay fifty-five (55) dollars per month for the suite and ten (10) dollars per month for the garage; that when the plaintiff issued receipts' they always indicated the separate amounts for the suite and garage; that when the defendant hired the suite he was not compelled to hire a garage.
The above stated facts together with other evidence in our opinion warranted the findings of facts made by the trial judge.
The failure to brief request for ruling of law No. 9 is a waiver of said request. Comm. v. Congdon, 265 Mass. 166.
We find no error on the part of the trial judge; the entry is Report Dismissed.

 The trial court’s ruling and findings on 'each of the defendant’s requests for rulings are printed in italics following the request.